KATHRYN RILEY GRASSO
(SBN 211187)
kathryn.riley@dlapiper.com
KEVIN HARLOW (SBN 265565)
kevin.harlow@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:    619.699.2700
Fax:   619.699.2701

SOLOMON E. GRESEN (SBN 164783)
seg@rglawyers.com
JACK RISEMBERG (SBN 291788)
jr@rglawyers.com
RGLAWYERS LLP
15910 Ventura Blvd., Suite 1610
Encino, CA 91436
Tel: 818.815.2727
Fax: 818.815.2737

Attorneys for Defendant and Cross-Complainant XPO LOGISTICS CARTAGE, LLC, dba XPO LOGISTICS

Attorneys for Plaintiff and Counterclaim Defendant EDGAR MENDOZA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

EDGAR MENDOZA, on behalf of himself and all others similarly situated,

               Plaintiff,

      v.

XPO LOGISTICS CARTAGE, LLC, dba XPO LOGISTICS, a Delaware Limited Liability Company; XPO LOGISTICS, INC., dba XPO LOGISTICS, a Delaware Corporation; JAVIER MARTIN DEL CAMPO, an Individual; and DOES 1 through 100, inclusive,

               Defendants.

XPO LOGISTICS CARTAGE, LLC, dba XPO LOGISTICS, a Delaware Limited Liability Company,

               Cross-Complainant,

      v.

CASE NO. 2:18-cv-09144 SJO(Ex)

**JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

Magistrate Judge:   Hon. Charles F. Eick
Ctrm:              750

Complaint Filed: July 2, 2018

EAST\162863270.1

1  EDGAR MENDOZA, on behalf of
2  himself and all others similarly
   situated,
3
                  Cross-Defendants.
4

5        Currently pending before this Court is the Unopposed Motion for

6  Consolidation, filed by Defendant and Cross-Complainant XPO Logistics Cartage,

7  LLC, seeking to consolidate this action with *Alvarez et al. v. XPO Logistics*

8  *Cartage, LLC et al*, No. 2:18-cv-03736 SJO(Ex) and *Martinez et al v. XPO*

9  *Logistics, Inc. et al*, No. 2:18-cv-06175 SJO(Ex) (the "Consolidated Cases"). An

10 Order on Stipulated Protective Order Regarding Confidential Information, which is

11 virtually identical to the proposed order being submitted herewith, was entered in

12 the Consolidated Cases by this Court on December 4, 2018. The parties now submit

13 the proposed order to this Court in an effort to maintain consistency and facilitate

14 discovery in cooperation with counsel and the parties in the Consolidated Cases.

15       1.    <u>PURPOSES AND LIMITATIONS</u>

16       Discovery in this action potentially involves production of confidential,

17 proprietary or private information for which special protection from public

18 disclosure and from use for any purpose other than pursuing this litigation may be

19 warranted. Accordingly, the parties hereby stipulate to and petition the Court to

20 enter the following Stipulated Protective Order. The parties acknowledge that this

21 Order does not confer blanket protections on all disclosures or responses to

22 discovery and that the protection it affords from public disclosure and use extends

23 only to the limited information or items that are entitled to confidential treatment

24 under the applicable legal principles.

25       2.    <u>GOOD CAUSE STATEMENT</u>

26       Discovery is likely to involve trade secrets, confidential and proprietary

27 information concerning XPO's business operations, XPO's contracts and

28

agreements with customers and drivers, personal information of Plaintiffs and other third party individuals, including personal identifying information such as social security numbers, customer and pricing lists, and other valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action may be warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.   <u>ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE</u>

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court

-3-

to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing). A specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document,

shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4.      <u>DEFINITIONS</u>

4.1     Action: The instant action: *Edgar Mendoza v. XPO Logistics Cartage, LLC dba XPO Logistics, et al*., 2:18-cv-09144-SJO-Ex.

4.2     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things in the possession of a Designating Party who believes in good faith that such Information or Items are entitled to confidential treatment.

4.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

4.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery or testified to during deposition or other proceedings.

4.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness, or expert consultant, in this Action.

4.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored or

maintained) or tangible things in the possession of a Designating Party who believes in good faith that the Disclosure of such Information or Item to another Party or Non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

4.9    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.10   Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this Action.

4.11   Outside Counsel of Record: attorneys who are not employees of a Party to this Action, but are retained to represent a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

4.12   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.13   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.14   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

5.     <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

6.     <u>DESIGNATING PROTECTED MATERIAL</u>

6.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must take care to limit any such designations to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Designations with a higher confidentiality level when a lower level would suffice are prohibited.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it

designated for protection do not qualify for protection or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the applicable legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion of the material on a page qualifies for

protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition or other proceeding, the Designating Party shall specify all protected testimony and the level of protection being asserted.  In the case of a deposition, the Designating Party may make that designation during the deposition or on the next business day following the deposition. In the case of other proceeding(s), the Designating Party may make that designation during the proceeding or may also invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 7-days from the date the proceeding transcript is received by the Designating Party to make its designations. In the event there is a motion or hearing deadline for which the proceeding testimony, other than deposition testimony, may be necessary, the Designating Party shall make its designations to the proceeding transcript by 5:00 PST at least three (3) business days before the motion or hearing deadline.  The use of a document as an exhibit at a deposition or hearing shall not in any way affect its designation.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the

1  provisions of this Order.

2        7.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

3        7.1.   Timing of Challenges. Any Party or Non-Party may challenge a

4  designation of confidentiality at any time that is consistent with the Court's

5  Scheduling Order.

6        7.2    Meet and Confer. The Challenging Party shall initiate the dispute

7  resolution process under Local Rule 37-1 et seq.

8        7.3    Joint Stipulation. Any challenge submitted to the Court shall be via a

9  joint stipulation pursuant to Local Rule 37-2.

10        7.4    The burden of persuasion in any such challenge proceeding shall be on

11  the Designating Party. Frivolous challenges, and those made for an improper

12  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

13  parties) may expose the Challenging Party to sanctions. Unless the Designating

14  Party has waived or withdrawn the confidentiality designation, all parties shall

15  continue to afford the material in question the level of protection to which it is

16  entitled under the Producing Party's designation until the Court rules on the

17  challenge.

18        8.      ACCESS TO AND USE OF PROTECTED MATERIAL

19        8.1    Basic Principles. A Receiving Party may use Protected Material that is

20  disclosed or produced by another Party or by a Non-Party in connection with this

21  Action only for prosecuting, defending or attempting to settle this Action. Such

22  Protected Material may be disclosed only to the categories of persons and under the

23  conditions described in this Order. When the Action has been terminated, a

24  Receiving Party must comply with the provisions of Section 14 below (FINAL

25  DISPOSITION).

26        Protected Material must be stored and maintained by a Receiving Party at a

27  location and in a secure manner that ensures that access is limited to the persons

28

authorized under this Order.

        8.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

        (b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

        (c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d)   the Court and its personnel;

        (e)   court reporters and their staff;

        (f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

        (h)   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided the witness and the witness's attorney sign the form attached as Exhibit A hereto. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to

1  anyone except as permitted under this Stipulated Protective Order; and

2          (i)      any mediators or settlement officers and their supporting

3  personnel, mutually agreed upon by any of the parties engaged in settlement

4  discussions.

5          8.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS

6  EYES ONLY" Information or Items.  Unless permitted in writing by the

7  Designating Party, a Receiving Party may disclose material designated "HIGHLY

8  CONFIDENTIAL – ATTORNEYS EYES ONLY" without further approval only to:

9          (a)      the Receiving Party's Outside Counsel of Record in this Action

10  and employees of Outside Counsel of Record to whom it is reasonably necessary to

11  disclose the information;

12          (b)      the Court and its personnel;

13          (c)      court reporters and their staff;

14          (d)      professional jury or trial consultants, and professional vendors to

15  whom disclosure is reasonably necessary, and who have signed the

16  Acknowledgment and Agreement to Be Bound (Exhibit A);

17          (e)      Experts (as defined in this Order) of the Receiving Party to

18  whom disclosure is reasonably necessary for this Action and who have signed the

19  "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

20          (f)      the author or recipient of a document containing the material, or

21  a custodian or other person who otherwise possessed or knew the information.

22      8.4      Procedures for Approving or Objecting to Disclosure of "HIGHLY

23  CONFIDENTIAL – ATTORNEYS EYES ONLY" Material to House Counsel or

24  Experts. Unless agreed to in writing by the designator:

25          (a)      A party seeking to disclose to House Counsel any material

26  designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" must first

27  make a written request to the Designating Party providing the full name of the

28

House Counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making.

(b)     A Party that makes a request and provides the information specified in paragraph (a) may disclose the designated material to the identified House Counsel unless, within seven days of delivering the request, the Party receives a written objection from the Designating Party providing detailed grounds for the objection.

(d)     All challenges to objections from the Designating Party shall proceed in accordance with Section 7 above.

9.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action

as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party, within fourteen (14) days of receiving the request, that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party, within fourteen (14) days of receiving the request, with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

-14-
JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.

12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence

502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

13.   <u>MISCELLANEOUS</u>

13.1   Right to Further Relief. Nothing in this Order abridges the rights of any Party to seek its modification by the Court in the future.

13.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if

not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

      15.   <u>VIOLATION</u>

      Any violation of this Order may entitle any Party to secure any relief as the Court deems just and appropriate.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  December 6, 2018          RGLAWYERS LLP


                                  By   /s/ Solomon E. Gresen
                                      SOLOMON E. GRESEN
                                      JACK RISEMBERG

                                  Attorneys for Plaintiffs and Cross-Defendants


Dated:  December 6, 2018          DLA PIPER LLP (US)


                                  By   /s/ Kathryn Riley Grasso
                                      KATHRYN RILEY GRASSO
                                      KEVIN HARLOW

                                  Attorney for Defendant and Cross-
                                  Complainant XPO LOGISTICS CARTAGE,
                                  LLC, dba XPO LOGISTICS

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on _____ [date] in the case of

*Edgar Mendoza v. XPO Logistics Cartage, LLC dba XPO Logistics, et al.*, 2:18-cv-

09144-SJO-Ex.

I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order, and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this Action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

EAST\162863270.1

-19-

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

1

## **Attestation of Concurrence in Filing**

2        I, Kathryn Riley Grasso, am the ECF user whose ID and password are being

3 used to file the foregoing Stipulation.  Pursuant to Local Rule 5-4.3.4(a)(2), I

4 hereby attest that all signatories listed above, and on whose behalf this filing is

5 submitted, concur in the filing's content and have authorized the filing.

6 DATED: December 6, 2018

7

8 By   /s/ Kathryn Riley Grasso

9        KATHRYN RILEY GRASSO
       Attorney for Defendant and Cross-Complainant

10       XPO LOGISTICS CARTAGE, LLC,

11       dba XPO LOGISTICS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION